# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

WENDY E. WAGNER,

    24734 Lake Road

    Bay Village, OH  44140,

LAWRENCE M. E. BROWN,

    12721 Triple Crown Road

    North Potomac MD 20878, and

JAN W. MILLER,

    6703 Montour Drive
    Falls Church, VA 22043,

                Plaintiffs,

      *v.*

FEDERAL ELECTION COMMISSION,

    999 E Street, N.W.

    Washington D.C. 20463.

                Defendant.

## COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF

    1.     This is an action challenging the portion of 2 U.S.C. § 441c ("section 441c") that bars individuals who have government contracts from making any contribution to any candidate, political committee, or political party in connection with an election for federal office, as a violation of the Equal Protection component of the Fifth Amendment and of the First Amendment to the United States Constitution.

    2.     Section 441c(a) applies to any person who has a contract with the United States or any agency or department thereof, including contracts for personal services, that is paid from congressionally appropriated funds.  All such persons are prohibited from

making any contribution "to any political party, committee, or candidate for public office or to any person for any political purpose or use." Read literally, these prohibitions might apply to contributions to state, local, and federal elections, but the defendant Federal Election Commission ("FEC"), the federal agency responsible for enforcing section 441c, has construed it to apply only to federal elections. 11 C.F.R. § 115.2(a). A violation of section 441c is a felony and, depending on the amount of the unlawful contribution, can result in the imposition of a sentence of up to five years in prison, or a fine of $ 5000, or both. 2 U.S.C. § 437g(d)(1)(A).

## JURISDICTION

3. Congress enacted the predecessor of 2 U.S.C. § 441c in 1940, and it was codified (with minor modifications) as 2 U.S.C. § 611 of the Federal Election Campaign Act of 1972 ("FECA"). It was subsequently amended in 1976 by the addition of subsections (b) and (c), at which time the three subsections were re-designated as section 441c by section 322 of Public Law 94-283 (1976).

4. Each of the plaintiffs is an individual eligible to vote in the 2012 election for President of the United States. Because this is a constitutional challenge to section 441c, a provision of FECA, this Court has jurisdiction over the case under 28 U.S.C. § 1331 and 2 U.S.C. § 437h, but only to make necessary findings of fact and then to certify the constitutional issues in the case immediately to the United States Court of Appeals for the District of Columbia Circuit to be heard by that Court en banc.

## PLAINTIFFS

5.     Plaintiff Wendy E. Wagner is the Joe A. Worsham Centennial Professor of Law at the University of Texas Law School.  Her field of expertise is the law-science interface in environmental law. She currently has a contract with the Administrative Conference of the United States ("ACUS"), an agency of the United States, for which she is being paid $12,000 from congressionally appropriated funds.  Under her contract, she is to prepare a report and recommendations on potential improvements in the use of science by administrative agencies in rulemaking, adjudication, and/or other agency functions.  With her husband Michael Walker, plaintiff Wagner has in the past made contributions to candidates, political parties, and political committees in connection with federal elections, and would like to be able to do so during the period that she is a government contractor, subject to the limitations applicable to all individuals who wish to make contributions in connection with federal elections.  However, she is barred by section 441c from making any contribution in connection with a federal election because she is a paid government contractor, and she is unwilling to make any such contribution absent a court order authorizing her to do so.

6.     Plaintiff Lawrence M. E. Brown has a long-term continuing contractual relationship, which began in October 2006, to perform personal services as a human resources adviser for the United States Agency for International Development ("USAID), an agency of the United States.  At present there are about 700 individuals with similar personal services contracts with USAID, approximately one-third of whom work in Washington DC, with the remainder working overseas at USAID missions. Most of them, including plaintiff Brown, regularly work in the same offices with federal officers and

3

employees, often working on the same or similar projects.  Like many other USAID consultants, plaintiff Brown formerly was a federal employee, having worked for USAID for 24 years**.**  His current rate of pay is $598.08 per day ($74.76 an hour), which is paid from congressionally appropriated funds, and his contract runs from October 1, 2011, through September 30, 2013, renewable by the agency for up to three additional years.

7. Before he became a contractor with USAID, including while he was a federal employee, plaintiff Brown made contributions to candidates, political committees, and/or political parties in connection with federal elections.  He would like to be able to make such contributions during the period that he is a government contractor, subject to the limitations applicable to all individuals who wish to make contributions in connection with federal elections, but he is unwilling to make any such contribution absent a court order authorizing him to do so.  In August 2008, plaintiff Brown requested an advisory opinion from the defendant, asking that he be treated as an employee and hence not subject to the absolute ban in section 441c.  By letter dated October 14, 2008, defendant advised plaintiff Brown in AO 2008-11 that, because he was not an employee, he was subject to the ban under section 441c, and thus he is barred by section 441c from making any contribution in connection with a federal election because he is a paid government contractor.  The Advisory Opinion also stated that the prohibition applies to all funds under plaintiff Brown's dominion or control, even where the source of the funds is not a government contract.

8. Plaintiff Jan W. Miller is a lawyer and has a personal services consulting contract with USAID that runs until June 26, 2016, under which he is paid from congressionally appropriated funds.  His current rate of pay is $155,550 per year on a full

4

time basis although he works only part time for USAID.  Like many other USAID consultants, plaintiff Miller formerly was a federal employee, having worked as a civil servant with USAID and its predecessor from 1972 until he retired in 2003.  Before he became a contractor with USAID, there was no law precluding him from making contributions in connection with federal elections.  Plaintiff Miller is also a part-time employee of the Peace Corps, and as such section 441c does not apply to him and does not preclude him from making contributions in connection with federal elections.  Plaintiff Miller would like to be able to make contributions in connection with federal elections during the period that he is a government contractor, subject to the limitations applicable to all individuals that wish to make contributions in connection with federal elections.  However, because of his contract with USAID, section 441c bars him from making any such contributions, and he is unwilling to make any such contribution absent a court order authorizing him to do so.

**FACTS**

9. The ban in section 441c(a) on contributions by individuals who have contracts with the government does not apply to other persons similarly situated, as set forth in paragraphs 10-13 below.

10. Officers and employees of the federal government are generally permitted to make contributions in connection with elections for federal offices unless "the person receiving such contribution is the employer or employing authority of the person making the contribution." 18 U.S.C. § 603.

11. Under many government contracts, including those held by plaintiffs, individual contractors work side by side with federal officers and employees, often

5

performing similar duties and tasks. Because the limitation in 18 U.S.C. § 603 is much more narrowly tailored than the ban in section 441c, and applies only to contributions that are received by a limited group of persons, plaintiffs are not treated equally with federal officers and employees, including those with whom they work directly and who perform identical or similar duties.

12.     Section 441c(a) applies to corporations as well as to individuals who have government contracts. However, with limited exceptions not applicable here, subsection (b) allows "the establishment or administration of, or the solicitation of contributions to, any separate segregated fund by any corporation, labor organization, membership organization, cooperative, or corporation without capital stock for the purpose of influencing the nomination for election, or election, of any person to Federal office." Thus, corporations, but not individuals, may establish and pay for the administration of separately segregated funds, which are a subset of entities known as political committees that are permitted to make contributions that individual contractors such as plaintiffs cannot make. Such corporate political funds must bear the name of the corporate contractor and may be managed by corporate officers, including those who may have negotiated a contract for their corporation with an agency of the United States and/or have responsibilities for providing the goods or services specified in such contract.

13.     In 11 C.F.R. § 115.6, the FEC has (correctly) interpreted section 441c not to apply to contributions by officers, employees, and/or stockholders of a corporation that has a government contract. As a result, the president of a corporation with a multibillion dollar defense contract may make contributions in connection with federal elections that plaintiffs are barred from making by section 441c. Moreover, even the president and sole

stockholder of a corporation that bears the name of the president and provides personal services to a federal agency similar to those provided by plaintiffs, is permitted to make contributions in connection with federal elections that plaintiffs are barred from making. Furthermore, those contributions can be made using money that was earned by the corporation from a government contract and paid as salary and/or dividends to the corporate officer, employee, and/or stockholder making the contribution.

14. Under the Constitution and laws of the United States, the only federal officers that are elected are the President and Vice President, Members of the House of Representatives, United States Senators, and Delegates or Resident Commissioners to the Congress. Pursuant to 48 C.F.R. §1.601(a), the heads of all federal agencies are vested with contracting authority, and none of the heads of the agencies for which plaintiffs work is an elected federal officer. Moreover, none of the contracts held by plaintiffs that subject them to section 441c were negotiated or signed by, or are being implemented by, any person who is an elected federal officer, nor is any such elected officer the employer or employing authority of any plaintiff.

**FIRST CAUSE OF ACTION – VIOLATION OF EQUAL PROTECTION**

15. The Fifth Amendment prohibits the federal government from depriving any person of life, liberty, and property without due process of law. The Supreme Court of the United States has interpreted the Fifth Amendment to include the guarantee of Equal Protection explicitly contained in the Fourteenth Amendment.

16. Because plaintiffs are not treated equally with individuals and corporations who are similarly situated with respect to their right to make contributions in connection with federal elections, the ban on contributions in section 441c as applied to

individuals such as plaintiffs violates the Equal Protection guarantee of the Fifth Amendment.

### SECOND CAUSE OF ACTION – FIRST AMENDMENT VIOLATION

17. Because section 441c completely prohibits individuals with government contracts from making any contributions to candidates, political committees, and political parties in connection with elections for federal offices, it is unconstitutional under the First Amendment unless there is a compelling governmental interest in the ban and the ban is narrowly tailored to support that interest. Because individuals, like plaintiffs, who are government contractors are subject to the same limitations on contributions as are all other individuals, the government must show why the general limitations are not adequate to protect the government's interest in limiting contributions. There is, however, no reason that supports the ban that is applicable only to individuals such as plaintiffs who have contracts with the federal government.

18. Even if there were some justification for banning contributions by some individuals with some government contracts, on the theory that individuals seeking government contracts should not be allowed to make contributions to government officials who have the authority to enter into such contracts with them, the total ban applicable to plaintiffs is not narrowly tailored because it bans contributions to candidates who have no connection with the contracts that plaintiffs have with federal agencies. As set forth in paragraph 14 above, the persons who are authorized to contract with plaintiffs and others on behalf of their agency were not candidates for election to federal office, nor were the persons who negotiated with plaintiffs, signed plaintiffs' contracts, and/or are responsible for plaintiffs' performance under their contracts elected federal officers at the

time that such contracts were negotiated and signed and/or during the time that plaintiffs are performing such contracts. Moreover, plaintiffs are also barred from making contributions to candidates for election to federal office who did not and/or will not hold any federal office when their contract was negotiated and/or performed. The ban in section 441c is also applicable to contributions to political committees and political parties, but those entities have no authority to contract on behalf of any department or agency of the United States, including those with which plaintiffs have contracts.

19. Because the ban on contributions in section 441c, as applied to plaintiffs and other individuals who have contracts with the federal government, is not supported by any legitimate interest, let alone a compelling one, and because the ban is not narrowly tailored to support whatever interest might support a ban, the ban violates the First Amendment rights of plaintiffs by forbidding them from making contributions in connection with federal elections and subjecting them to criminal punishment for violating this prohibition.

**WHEREFORE**, plaintiffs pray that the Court:

A. Immediately certify the facts as to the claims in this complaint and certify the case to the United States Court of Appeals for the District of Columbia Circuit, as provided in 2 U.S.C. § 437h;

B. Declare that 2 U.S.C. § 441c as applied to plaintiffs violates the Fifth and First Amendments to the Constitution;

C. Enjoin defendant Federal Election Commission from enforcing 2 U.S.C. § 441c against plaintiffs; and

D. Award plaintiffs their costs and attorneys fees for this action, together with such other and further relief to which they may be entitled.

>Respectfully submitted,
>
>/s/ *Alan B. Morrison*
>_____
>Alan B. Morrison
>D. C. Bar No. 073114
>George Washington Law School
>2000 H Street NW
>Washington D.C. 20052
>(202) 994 7120
>(202) 994 5157 (fax)
>abmorrison@law.gwu.edu
>
>
>/s/ *Arthur B. Spitzer*
>_____
>Arthur B. Spitzer
>D.C. Bar No. 235960
>American Civil Liberties Union of
>   the Nation's Capital
>1400 20th Street, N.W., Suite 119
>Washington, D.C. 20036
>(202) 457 0800
>(202) 452-1868 (fax)
>artspitzer@gmail.com

Dated: October 19, 2011