UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **WENDY E. WAGNER**, *et al.*, <br><br> Plaintiffs, <br><br> v. <br><br> **FEDERAL ELECTION COMMISSION,** <br><br> Defendant. | Civil Action No. 11-1841 (JEB) |

**MEMORANDUM OPINION**

On October 19, 2011, Plaintiffs, who are federal contractors, filed this action against the Federal Election Commission, challenging as unconstitutional the portion of 2 U.S.C. § 441c that bars individuals who have government contracts from making contributions in connection with elections for federal office. The parties are currently briefing Plaintiff's Motion for Preliminary Injunction. About two weeks ago, would-be Intervenor Steve Schonberg filed a Motion to Intervene, asserting intervention as of right under Fed. R. Civ. P. 24(a)(2). See Memo. at 15 (claiming only intervention as of right). As he has failed to satisfy several of the requirements of that Rule, the Court will deny the Motion.

**I. Legal Standard**

Rule 24(a)(2) permits anyone to intervene who "claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest." Put another way, "a party seeking to intervene as of right must satisfy four requirements: 1) the application to intervene must be timely, 2) the party must have an interest relating to the property or transaction which is the subject of the action, 3)

1

the party must be so situated that the disposition of the action may, as a practical matter, impair or impede the party's ability to protect that interest, and 4) the party's interest must not be adequately represented by existing parties to the action." Building and Const. Trades Dept., AFL-CIO v. Reich, 40 F.3d 1275, 1282 (D.C. Cir. 1994) (citation omitted).

## II. Analysis

In this case, Intervenor fails three of the four tests, clearing only the timeliness hurdle. As to Intervenor's interest, "Rule 24(a)(2) requires the intervenor to demonstrate 'an interest relating to the property or transaction which is the subject of the action.' The rule impliedly refers not to any interest the applicant can put forward, but only to a legally protectable one." Southern Christian Leadership Conf. v. Kelley, 747 F.2d 777, 779 (D.C. Cir. 1984) (emphasis original). In other words, "we have held that because an intervenor participates on equal footing with the original parties to a suit, a movant for leave to intervene under Rule 24(a)(2) must satisfy the same Article III standing requirements as original parties." Building and Const. Trades Dept., 40 F.3d at 1282 (citations omitted).

Intervenor here cannot establish that he has standing. Plaintiffs' suit challenges limits on federal contractors' contributions; indeed, all three Plaintiffs are, in fact, federal contractors who claim to have suffered an injury by their inability to contribute. Intervenor, by contrast, never alleges that he is a federal contractor or is otherwise injured in any way by this law that prevents contractor contributions. He thus would have no standing to intervene as a plaintiff here. See Lujan v. Defenders of Wildlife, 504 U.S. 555, 560 (1992) (to have standing, party "must have suffered an 'injury in fact' – an invasion of a legally-protected interest which is (a) concrete and particularized . . . and (b) 'actual or imminent, not "conjectural" or "hypothetical"'") (citations omitted).

Should he be seeking to intervene as a defendant, the Court can look to the third factor – namely, whether disposition of this matter would impair Intervenor's ability to protect his interest. Intervenor's position here is that the entire statute should be declared unconstitutional, not that there is any particular infirmity with § 441c. See Memo. at 2-3, 8-12. That broader issue will not be decided here; Intervenor, accordingly, will have the ability, regardless of what occurs here, to bring such a challenge at a future date. Disposition of this matter, therefore, would not impair his ability to protect his interest.

Finally, the fourth test regarding adequacy of representation is met. To the extent Intervenor is concerned about § 441c, the FEC will aggressively defend the constitutionality of that section here, and Intervenor has not shown he could add anything of substance to its arguments. While Intervenor asserts that this is a "friendly lawsuit" and that a finding of unconstitutionality would somehow benefit the FEC, see id. at 12, such claims are wholly speculative and without foundation. Intervenor has thus not carried his burden of showing inadequate representation, even though such burden is not "onerous." Dimond v. District of Columbia, 792 F.2d 179, 192 (D.C. Cir. 1986).

Since Intervenor has not satisfied the requirements of Rule 24(a)(2), he should not be permitted to intervene as of right. He never seeks, furthermore, permissive intervention under Rule 24(b).

The Court should also note, as Plaintiffs correctly point out, that Intervenor has failed to comply with Rule 24(c), which requires that a motion to intervene be "accompanied by a pleading that sets out the claim or defense for which intervention is sought." Intervenor has attached neither a proposed Complaint nor a proposed Answer or other responsive pleading to

his Motion, thus violating the Rule.  This would stand as an independent ground for denial of his Motion.

### III.  Conclusion

The Court, accordingly, will issue a contemporaneous Order denying Intervenor's Motion.

*/s/ James E. Boasberg*
JAMES E. BOASBERG
United States District Judge

Date:  March 1, 2012